UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION
CASE NUMBER:_____

JESSE CICCONE,
     Plaintiff,

v.

MADEWELL KITCHENS, INC. and
HENRY MADEWELL,

     Defendants.

_____/

DEFENDANTS' NOTICE OF REMOVAL

    COMES NOW defendants Madewell Kitchens, Inc. and Henry Madewell by and through their undersigned attorney and serve their Notice of Removal of the instant action to the District Court of the United Sates, Middle District of Florida, Tampa Division and in support thereof state as follows:

1.  The instant action was commenced in the Thirteenth Circuit in and for Hillsborough County, Florida; case number 16-CA-011712. The defendants have not filed any papers or pleadings, other than the Notice of Removal, in the state court action.

2.  The complaint contains two counts, one each against each defendant, and alleges the defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 et. seq. A copy of the complaint is attached as an exhibit to this Notice. Plaintiff also served requests for admissions, requests for documents and interrogatories upon the defendants along with the summons and complaint. Those discovery requests are also provided as an exhibit to this Notice.

3. This Court's exercise of subject matter jurisdiction in this cause is proper pursuant to 28 U.S.C. § 1331 which provides that the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.

4. This Court has personal jurisdiction over the parties. The complaint alleges that the cause of action accrued in Hillsborough County, Florida. Additionally, the defendants are residents of Pasco County, Florida.

5. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C. § 1391. Venue in the Tampa Division is appropriate pursuant to Local Rule 4.02(a).

6. This action may be removed to the Middle District of Florida pursuant to 28 U.S.C. § 1441 (a).

WHEREFORE defendants Madewell Kitchens, Inc. and Henry Madewell respectfully request this Court enter an order taking jurisdiction over the subject matter and parties to this action and removing this action from the Circuit Court of the Thirteenth Judicial Circuit and granting any and all further relief deemed just and equitable.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been upon Charlotte F. Kelly of John Bales Attorneys, 625 E. Twigs Street, Suite 100, Tampa, Florida 33602 this **22nd** day of February, 2017.

/s/ Randall J. Love
Randall J. Love
Florida Bar Number 0000380
Randall J. Love, P.A.
7236 State Road 52, Suite 13
Bayonet Point, FL 34667
(727) 857-6030
(727) 857-6052 (facsimile)
mmjlove@aol.com
Attorney for defendants

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

     Plaintiff,

vs.                       Case No:

Madewell Kitchens, Inc. and
Henry DJR Madewell,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Jesse D. Ciccone sues Defendants Madewell Kitchens, Inc. and Henry DJR Madewell (collectively, "Employer") and states as follows:

### INTRODUCTION

1.     This is an action brought pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. section 201, *et. seq.* ("FLSA"), and other applicable law to recover unpaid wages and/or overtime, liquidated damages, and attorneys' fees and costs owed to Plaintiff.

2.     At material times, Employer had a policy and practice of requiring Plaintiff to work in excess of forty (40) hours each workweek without paying him wages and/or overtime compensation as required by the FLSA, and other applicable law.

3.     Pursuant to the FLSA, and other applicable law, Plaintiff seeks unpaid wages, overtime compensation, liquidated damages, and attorneys' fees and costs from Employer.

4.     Subsequent to the filing of this action, Plaintiff will request the Court to authorize notice to all employees who are or were employed by Employer at time material, informing them of the pendency of this action and their right to opt into this lawsuit pursuant to 29 U.S.C. section 216(b).

## JURISDICTION, VENUE, AND PARTIES

5.     This Court has subject matter jurisdiction over this action, pursuant to Chapter 26, Florida Statutes, as Plaintiff seeks to recover damages in excess of $15,000.00, exclusive of attorneys' fees, costs, and interest.

6.     Venue is proper under Chapter 47, Florida Statutes, as at least a significant portion of Plaintiff's claim arose in and Employer breached its duties to Plaintiff in Hillsborough County, Florida.

7.     At material times, Employer was an enterprise engaged in commerce as defined by the FLSA, and other applicable law in that they (a) had employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, and (b) had an annual gross volume of sales made or business done that is not less than $500,000.00, exclusive of excise taxes at the retail level that are separately stated.

8.     At material times, Plaintiff was directly and regularly engaged in interstate commerce.

9.     At material times, Defendant Madewell Kitchens, Inc. was an "employer" subject to the requirements of the FLSA, and other applicable law.

10.     At material times, Plaintiff was an employee of Defendant Madewell Kitchens, Inc. within the meaning of FLSA, and other applicable law.

11.     At material times, Defendant Madewell Kitchens, Inc. was Plaintiff's employer within the meaning of the FLSA, and other applicable law.

12.     At material times, Defendant Henry DJR Madewell was the owner, operator, executive, and/or manager of Defendant Madewell Kitchens, Inc., controlled Defendant

Madewell Kitchens, Inc.'s day-to-day operations and/or exercised direct or indirect control over Plaintiff, and is responsible for the illegal pay practices alleged herein.

13.     At material times, Defendant Henry DJR Madewell was an "employer" subject to the requirements of the FLSA, and other applicable law.

14.     At material times, Plaintiff was an employee of Defendant Henry DJR Madewell within the meaning of FLSA, and other applicable law.

15.     At material times, Defendant Henry DJR Madewell was Plaintiff's employer within the meaning of the FLSA, and other applicable law.

<u>GENERAL ALLEGATIONS</u>

16.     Plaintiff is a former employee of Employer, who worked for Employer from approximately February 2015 to March 2016.

17.     Plaintiff was paid on an hourly basis.

18.     The duties of Plaintiff were such that they did not satisfy the requirements of any of the exemptions set forth in the FLSA, and other applicable law.

19.     Plaintiff regularly worked in excess of forty (40) hours a workweek for Employer.

20.     Despite regularly working in excess of forty (40) hours a workweek, Plaintiff was prevented from reporting all or part of his hours on his time records.

21.     Plaintiff was not paid time and a half his regular rates of pay for the overtime hours he worked.

22.     Employer and/or Employer's owners, operators, executives, and/or managers had or should have had knowledge that Plaintiff was working over forty (40) hours a workweek and was not receiving overtime compensation as required by the FLSA, and other applicable law.

23.     Employer did not make, keep, or preserve accurate records of the hours that Plaintiff worked as required by the FLSA, and other applicable law.

24.     Plaintiff has retained the services of the undersigned attorneys and is obligated to pay his legal counsel a reasonable fee for their services.

25.     Plaintiff demands a trial by jury on all issues so triable.

## COUNT I
(Violations of the FLSA Overtime Provisions as Against Defendant Madewell Kitchens, Inc.)

26.     Plaintiff realleges paragraphs 1 through 25, above.

27.     Defendant Madewell Kitchens, Inc.'s failure to pay Plaintiff wages and/or overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the FLSA.

28.     Because of the above, Plaintiff has suffered damages.

29.     Defendant Madewell Kitchens, Inc.'s violations of the FLSA were willful.

WHEREFORE, Plaintiff demands judgment against Defendant Madewell Kitchens, Inc. for the following:

    a.     damages in the amount of the unpaid wages and/or overtime compensation owed to him,
    b.     liquidated damages pursuant to the FLSA, Florida Constitution, and other applicable law,
    c.     prejudgment interest,
    d.     reasonable attorneys' fees and costs pursuant to the FLSA, Florida Constitution, and other applicable law, and
    e.     all such other relief as the Court deems just, equitable, and appropriate.

## COUNT II
(Violations of the FLSA Overtime Provisions as Against Defendant Henry DJR Madewell)

30.     Plaintiff realleges paragraphs 1 through 25, above.

31.     Defendant Henry DJR Madewell's failure to pay Plaintiff wages and/or overtime compensation for hours worked over forty (40) in any workweek constitutes a violation of the

FLSA.

    32.     Because of the above, Plaintiff has suffered damages.

    33.     Defendant Henry DJR Madewell's violations of the FLSA were willful.

WHEREFORE, Plaintiff demands judgment against Defendant Henry DJR Madewell for

the following:

        a.     damages in the amount of the unpaid wages and/or overtime compensation owed to him,
        b.     liquidated damages pursuant to the FLSA, Florida Constitution, and other applicable law.
        c.     prejudgment interest,
        d.     reasonable attorneys' fees and costs pursuant to the FLSA. Florida Constitution, and other applicable law, and
        e.     all such other relief as the Court deems just, equitable, and appropriate.

### JURY TRIAL DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated December 27, 2016.

                          Respectfully submitted,

                          JOHN BALES ATTORNEYS

                          *Charlotte Fin Kelly*

                          Charlotte F. Kelly
                          Florida Bar No. 90105
                          A Bales Professional Association
                          625 E. Twiggs St., Suite 100
                          Tampa, FL 33602
                          Telephone:  (813) 224-9100
                          Facsimile:  (813) 224-9109
                          Service Email:  Team-EmploymentLaw@JohnBales.com

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

      Plaintiff,

vs.                             Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

      Defendants.

_____/

## PLAINTIFF'S CERTIFICATE OF SERVICE OF
## INTERROGATORIES TO DEFENDANT MADEWELL KITCHENS, INC.

Plaintiff Jesse D. Ciccone served an original and one copy of interrogatories numbered one (1) through twenty-four (24) on Defendant Madewell Kitchens, Inc. to be answered in writing and under oath within forty-five (45) days from the date of service or at such earlier time as shall be ordered by the Court and serve them on all other parties.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to the following by service of process along with the Summons and Complaint:

Madewell Kitchens, Inc.
c/o Registered Agent Henry DJR Madewell
11617 SR 52
Hudson, FL 34669

JOHN BALES ATTORNEYS

*Charlotte Finn Kelly*

Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

     Plaintiff,

vs.                           Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

     Defendants.
_____/

## PLAINTIFF'S FIRST SET OF
## INTERROGATORIES TO DEFENDANT MADEWELL KITCHENS, INC.

Pursuant to the applicable rules of civil procedure, Plaintiff Jesse D. Ciccone propounds to

Defendant Madewell Kitchens, Inc. the following interrogatories numbered one (1) through twenty-

four (24) to be answered in writing and under oath within forty-five (45) days of service or at such

earlier time as shall be ordered by the Court and serve them on all other parties:

             JOHN BALES ATTORNEYS

             *Charlotte Fin Kelly*

             Charlotte F. Kelly
             Florida Bar No. 90105
             A Bales Professional Association
             625 E. Twiggs St., Suite 100
             Tampa, FL 33602
             Telephone: (813) 224-9100
             Facsimile: (813) 224-9109
             Service Email: Team-EmploymentLaw@JohnBales.com

## A.    DEFINITIONS

1.    "Plaintiff" shall mean Plaintiff Jesse D. Ciccone and/or his/her/their legal representatives.

2.    "Defendant," "you," and "your" shall mean each and every individual, organization, association, business, entity, party, etc. of the above referenced Defendant to which the following interrogatories are addressed, and their agents, predecessors, and successors in interest, parents, subsidiaries, affiliates, divisions, area and/or regional offices, directors, officers, employees, managing general agents, underwriting agents, claims adjusting agents, and/or representatives of the foregoing.

3.    "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Defendant.

4.    "Complaint" shall mean Plaintiff's Complaint and Demand for Jury Trial in this action.

5.    "Person" or "Persons" shall mean and shall include, without limitation and in the singular as well as the plural, natural persons, governmental entities, agencies, commissions, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically states otherwise.

6.    "Communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data paper, or any other means. The term "communication" shall also include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

7.    "Document" shall mean any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but not limited to, papers, emails, text messages, ESI, records, films, scans, agreements, contracts, notes, memoranda, correspondence, tele facsimile, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone and/or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent and/or received by the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated, if necessary, by Defendant through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "document" also includes, but is not limited to, the original and all file copies and other copies that

are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in Defendant's possession, custody, or control, a copy of that document should be produced.

8.      "ESI" means electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messaging, computer programs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of the applicable rules of civil procedure.

9.      "Relating to" or "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

10.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that may otherwise be construed to be outside of their scope.

11.      The singular includes the plural, and vice versa. The masculine includes the feminine, and vice versa.

12.      "All" shall be construed as "all and each," and the term "each" shall be construed as "all and each."

13.      "Identify," "identity," and "describe" mean:

a.      With respect to a natural person, to state the person's full name, the present or last known business and residence address, telephone number, cell phone number, email address, the job title and description of job responsibilities at the time in question (if applicable) of such person;

b.      With respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business as;

c.      With respect to a document:

i.      State its customary business description;

ii.      State its number (if any) (e.g., invoice or purchase order number);

iii.      State its date;

iv.      Identify the addressee(s) or recipient(s) (if any), including all persons provided with copies;

v.      Identify the custodian if such document, or a copy thereof, is in Defendant's possession, custody or control;

vi.    Identify all persons, other than Defendant, that possess, have custody of, or have control over such document or any copy thereof;

vii.    State the substance of the subject matter of each document; and

viii.    In lieu of providing the information called for by subparagraphs (i) through (vii) above, Defendant may state the time and place that such document(s) will be made available to Plaintiff for inspection and copying.

d.    With respect to an oral communication, to state the names and titles of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication.

## B. INSTRUCTIONS

1. Defendant shall respond to such interrogatory by giving the information he or she has and the source of such information.

2. These interrogatories are continuing in nature so as to require the filing of supplemental answers to the extent required under the applicable rules of civil procedure.

3. If Defendant cannot answer any interrogatory in full, answer to the extent possible, explain why Defendant cannot answer the remainder, state the nature of the information and knowledge that Defendant can furnish, and provide a supplemental response when Defendant obtains more information.

4. If Defendant's answer to any of the interrogatories derives from a document, identify the document as required above.

5. Each interrogatory shall be answered separately and fully in writing under oath by the party or parties, unless the interrogatory is objected to, in which event the grounds for objection shall be stated and signed by the attorney making it.

6. An interrogatory otherwise proper is not objectionable merely because the answer to the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or asks for information not within the party's personal knowledge.

7. For each Document or Communication responsive to any request that is withheld under a claim of privilege, doctrine, or otherwise, the following information must be provided and included in the privilege log:

a.    The date the document or communication was made, prepared, or created;

b.    The name and title of the author or authors of the document or communication;

c.    A summary of the subject matter of the document or communication;

d.    The identity and title of each person or persons that assisted the author or authors in creating the document or communication;

e. The identity and title of each person to whom the document or communication or the contents of the document or communication have been communicated (either intentionally or inadvertently), and the date(s) of such communication;

f. A detailed statement of the basis on which privilege is claimed; and

g. The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f), above.

8. If any incomplete answers and/or improper objections are served in response to the following interrogatories, the propounding party may seek sanctions pursuant to the applicable rules of civil procedure and other applicable law.

C. INTERROGATORIES

1. What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2. Describe any and all policies of insurance which Defendant contends cover or may cover Defendant for the allegations set forth in Plaintiff's Complaint, specifying as to each policy the (1) name of the insurer; (2) policy number of each insurance policy; (3) effective dates of the policy; (4) name, address, and telephone number of insurance company for each insurance policy; (5) name of all insureds for each insurance policy; (6) limits (amount) of liability coverage for each insurance policy; (7) a statement of any policy or coverage defense that insurance company reasonably believes is available to such insurance company at the time of filing such statement for each insurance policy; (8) name and telephone number of insurance agent for each insurance policy; and (9) name and address of the custodian of the policy.

3. With respect to your current or former employees, please identify all individual(s) who, for the three year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of, the records of: (1) the number of hours worked by Plaintiff each work day and work week; (2) Plaintiff's rate of regular and overtime pay; and (3) the amount of regular and overtime pay earned by Plaintiff.

4. State with specificity and in detail the time, form, manner, and amount in which Plaintiff is or was compensated by Defendant. Your response should specifically state the basis for the rate of such calculation (if the amount changed over time, state each amount, and when the amount changed), and include in detail whether Plaintiff was paid an hourly wage, by salary, pursuant to a piece rate method of compensation, or another compensation policy. Your response should also include any and all amounts paid for (1) bonus(es), (2) holiday pay, (3) vacation pay, (4) shift pay, (5) contributions to a 401k

or other retirement account, (6) contributions to health savings accounts, and (7) commissions. With respect to all amounts paid, your response should state the date upon received the compensation and the amount of the compensation.

5.     State with specificity and in detail the terms of all agreements or understandings between Defendant and Plaintiff regarding the basis of Plaintiff's compensation, and describe the records and documents upon which you rely in responding to this Interrogatory.

6.     If Defendant maintains records of the number of hours worked by Plaintiff, describe those records, the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place at which such records are maintained, and identify the person(s) who has custody of such records.

7.     If Defendant claims that Plaintiff is not entitled to be paid time and one-half for every hour worked in excess of forty (40) hours per work week, please set forth the reason for your claim, the factual basis upon which you make that claim, and describe the records and documents upon which you rely in responding to this Interrogatory.

8.     If you claim that Plaintiff is or was exempt from the provisions of the Fair Labor Standards Act, please state the specific exemption upon which you rely, indicate as part of your answer the factual basis for claiming such exemption, and describe the records and documents upon which you rely in responding to this Interrogatory.

9.     If Defendant claims that it relied upon any ruling, regulation, interpretation, or decision of any kind issued, promulgated, or drafted by the United States Department of Labor in support of their failure to pay Plaintiff time and one-half for all hours worked in excess of forty (40) per work week, describe and provide the citation of all such documents and an explanation of each.

10.     If Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or has received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim and/or investigation, and describe in detail the factual basis of the suit, claim, and/or investigation.

•

11.     State the name, address, and telephone number of all Certified Public Accounting Firms, accounting services, bookkeeping services, and payroll services, which provided services to Defendant for the three years preceding the filing of this lawsuit.

12.     For each statement, report, memorandum, and recording obtained by you, or any attorney or representative on your behalf, from any person that in any way concerns the facts of this case or the matters alleged in your pleadings, separately identify and/or state the author of each such statement, report, memorandum, or recording; the person or persons to whom it was issued, distributed, or otherwise provided; the present location and custodian of it; the date it was prepared; and what it is referencing/addressing.

13.     Please identify every individual or employee of Defendant responsible for computing the weekly wages due to and/or paid to Plaintiff.

14.     Please identify every individual or employee of Defendant who was or currently is the immediate supervisor of Plaintiff within three (3) years prior to the date Plaintiff's Complaint was filed.

15.     Please identify the person or persons most instrumental in crafting, creating, or developing Defendant's pay policies, including the pay policy at issue as it applied to Plaintiff, during the three (3) years immediately preceding the filing of this lawsuit.

16.     Please identify all employees of Defendant (including former employees), whose duties were similar to those performed by Plaintiff for Defendant, and who were compensated in a manner similar to Plaintiff, and who were employed by Defendant within the three (3) years preceding the filing of this lawsuit.

17.     Separately identify each and every person who is known or believed by Defendant to have knowledge of the amount paid to Plaintiff and/or the hours worked by Plaintiff, and for each such person, summarize the nature and substance of their knowledge.

18.     With respect to each and every affirmative defense or counterclaim raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the facts which support such defense or counterclaim.

19.     Identify any and all work-related decisions that Plaintiff was required to make for Defendant.

20.     Identify all employees that Defendant alleges Plaintiff supervised while employed with Defendant, as well as their position and time periods that Defendant alleges Plaintiff supervised the employees.

21.     Identify any employees Defendant alleges Plaintiff hired while employed with Defendant.

22.     Identify any employees Defendant alleges Plaintiff fired while employed with Defendant.

23.     Identify any and all documents upon which Defendant relied in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that such document relates to.

24.     If you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in Complaint, identify each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

By: _____

STATE OF _____

COUNTY OF _____

       BEFORE ME, the undersigned authority, on this day, personally appeared _____

_____ , who being first duly sworn, deposes and says that

he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and the same

are true and correct.

Print Name:_____
NOTARY PUBLIC-STATE OF _____
Commission Number:_____
My commission expires:_____
(Notary Seal)

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

      Plaintiff,

vs.                          Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT MADEWELL KITCHENS, INC.

Pursuant to the applicable rules of civil procedure, Plaintiff Jesse D. Ciccone requests

that Defendant Madewell Kitchens, Inc. produce for inspection and/or copying the documents,

items, and things in their possession, custody, or control listed below. The production,

inspection, and copying shall take place within forty-five (45) days of service of this request or at

such earlier time as shall be ordered by the Court, at a mutually agreeable, place, time, and date.

A.    DEFINITIONS

    1.    "Plaintiff" shall mean Plaintiff Jesse D. Ciccone and/or his/her/their legal representatives.

    2.    "Defendant," "you," and "your" shall mean each and every individual, organization, association, business, entity, party, etc. of the above referenced Defendant to which the following interrogatories are addressed, and their agents, predecessors, and successors in interest, parents, subsidiaries, affiliates, divisions, area and/or regional offices, directors, officers, employees, managing general agents, underwriting agents, claims adjusting agents, and/or representatives of the foregoing.

    3.    "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Defendant.

    4.    "Complaint" shall mean Plaintiff's Complaint and Demand for Jury Trial in this action.

    5.    "Person" or "Persons" shall mean and shall include, without limitation and in the

singular as well as the plural, natural persons, governmental entities, agencies, commissions, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically states otherwise.

6.      "Communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data paper, or any other means. The term "communication" shall also include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

7.      "Document" shall mean any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but not limited to, papers, emails, text messages, ESI, records, films, scans, agreements, contracts, notes, memoranda, correspondence, telefacsimile, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone and/or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent and/or received by the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by Defendant through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "document" also includes, but not limited to, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not.  If the original of any document is not in Defendant's possession, custody, or control, a copy of that document should be produced.

8.      "ESI" means electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messaging, computer programs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of the applicable rules of civil procedure.

9.      "Relating to" or "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

10.      The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that may otherwise be construed to be outside of their scope.

11.      The singular includes the plural, and vice versa. The masculine includes the

feminine, and vice versa.

12.    "All" shall be construed as "all and each," and the term "each" shall be construed as "all and each."

13.    "Identify" "identity", and "describe" mean:

a.    With respect to a natural person, to state the person's full name, the present or last known business and residence address, telephone number, cell phone, email address, the job title and description of job responsibilities at the time in question (if applicable) of such person;

b.    With respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business as;

c.    With respect to a document:
    i.      State its customary business description;
    ii.     State its number (if any) (e.g., invoice or purchase order number);
    iii.    State its date;
    iv.     Identify the addressee(s) or recipient(s) (if any), including all persons provided with copies;
    v.      Identify the custodian if such document, or a copy thereof, is in Defendant's possession, custody or control;
    vi.     Identify all persons, other than Defendant, that possess, have custody of, or have control over such document or any copy thereof;
    vii.    State the substance of the subject matter of each document; and
    viii.   In lieu of providing the information called for by subparagraphs (i) through (vii) above, Defendant may state the time and place that such document(s) will be made available to Plaintiff for inspection and copying.

d.    With respect to an oral communication, to state the names and titles of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication.

## B.    INSTRUCTIONS

1.    Defendant shall respond to the following document requests within the time period and in the manner provided by the applicable rules of civil procedure.

2.    These document requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the applicable rules of civil procedure.

3.    Each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of the Documents responsive to that request that differ in any respect from the Original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having

been added to one copy of the Document but not on the Original or other copies thereof).

4.      When Documents are requested, such request includes Documents in the custody or control of the party's agents, representatives, predecessors in interest, successors in interest, subsidiaries, parents, experts, and/or persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case, and includes, unless privileged, the party's attorney.

5.      If Defendant produces any Documents in response to these document requests, indicate, by bates number or other appropriate means, the Documents that are responsive to each document request.

6.      If Defendant is not producing any Documents responsive to a document request, Defendant's answer should make it clear that Defendant is not producing any Documents responsive to that document request.

7.      For each Document responsive to any request that is withheld under a claim of privilege, doctrine, or otherwise, the following information must be provided and included in the privilege log:

   a.      The date the document was prepared or created;
   b.      The name and title of the author or authors of the document;
   c.      A summary of the subject matter of the document;
   d.      The identity and title of each person or persons that assisted the author or authors in creating the document;
   e.      The identity and title of each person to whom the document or the contents of the document have been communicated (either intentionally or inadvertently), the date(s) of such communication.
   f.      A detailed statement of the basis on which privilege is claimed; and
   g.      The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f), above.

8.      If any incomplete responses and/or improper objections are served in response to the following document requests, the requesting party may seek sanctions pursuant to the applicable rules of civil procedure and other applicable law.

C.      REQUESTS FOR PRODUCTION

1.      All policies of insurance referenced in the interrogatories to Defendant and all other policies of insurance which Defendant contends cover or may cover Defendant for the allegations set forth in Plaintiff's Complaint that provide liability coverage including those within three (3) years prior to the date of the filing of Plaintiff's Complaint. (Please include all declaration sheets and endorsements, both primary and umbrella policies.)

2.      All documents which evidence the terms and conditions of Plaintiff's employment with Defendant, including all company and personnel manuals, employee handbooks, and memos that Plaintiff was provided by Defendant.

3.     All daily time records, time slips, time cards, or other records maintained by Defendant evidencing the time Plaintiff arrived at work, was on break, was at lunch or departed from work.

4.     The personnel files of Plaintiff.

5.     Any and all records, documents, and guidelines relating in any way to Plaintiff that contain all or part of the information listed in 29 C.F.R. 516.2. A copy of 29 C.F.R. 516.2 is attached hereto as Attachment "A."

6.     For each pay period of Plaintiff's employ, all paychecks, pay reports, pay stubs, computer reports or printouts, or other documents evidencing the amount paid to Plaintiff, the number of hours worked by Plaintiff, all deductions from Plaintiff's compensation and the periods for which Plaintiff was absent from work.

7.     All payroll practice guidelines, record keeping guidelines, directives, memoranda, or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed in a similar capacity as Plaintiff, the practices of Defendant with respect to the payment of overtime compensation to employees such as Plaintiff, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiff.

8.     All documents or records referenced in Defendant's response to Plaintiff's First Set of Interrogatories to Defendant and/or used to respond to such interrogatories.

9.     All documents or records relied upon as a basis for responding to Plaintiff's First Set of Interrogatories to Defendant.

10.     All form W-2s or 1099s prepared for Plaintiff by Defendant.

11.     The corporate or organizational chart of Defendant.

12.     If Defendant claims that it has relied upon any opinion, ruling, regulation, interpretation, or document drafted, issued, or promulgated by the United States Department of Labor as a basis for its failure to pay Plaintiff overtime compensation or as a basis for claiming that it has paid Plaintiff overtime compensation, produce all such documents.

13.     With respect to any audits, reconciliations, reviews, or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 1999 of Defendant, or any entity owned in whole or in part by Defendant, produce all correspondence, reports, schedules, work papers, opinions, and other documents that relate or pertain to said inquiry by the DOL of Defendant's compensation practices.

14.     Any and all documents and correspondence authored or received by any current or former employee of Defendant to any current or former employee of Defendant, regarding the subject matter of this action.

15.     Any and all documents and correspondence from Plaintiff to Defendant or from Defendant to Plaintiff regarding the subject matter of this action.

16.     Any and all collective bargaining agreements pertaining to, relating to, or including your employees to which Plaintiff was subjected.

17.     With respect to any lawsuits filed against Defendant after 1995 relating to the payment of wages and/or overtime compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all deposition transcripts, all settlement documents, releases, waivers, and confidentiality agreements.

18.     Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment and the name(s) of the employee(s) to whom such payment was made.

19.     All Federal Income Tax Returns for Defendant for taxable years beginning on or after 1999.

20.     If Defendant maintains that its annual gross volume of sales made or business done or gross revenue for taxable years beginning 1999 is less than $500,000 annually, produce all documents evidencing the gross receipts of Defendant for taxable years beginning 1999. Your response to this request should include, but not be limited to, financial statements (whether audited or not), all loan applications, and all sales and other receipts for the years at issue.

21.     All documents evidencing the reporting of the earnings of Plaintiff to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Florida Unemployment Compensation Fund.

22.     To the extent any part of the remuneration and/or compensation paid to Plaintiff was not reflected in Plaintiff's pay check, produce all documents evidencing the amount, date, and nature and purpose of all such payments.

23.     All emails sent from the computer, tablet computers, and/or cell phone used by Plaintiff to the extent that such emails have evidentiary value pertaining to Plaintiff's hours of work, including their start time, stop time, and/or time on break.

24.     Any written proof to support Defendant's allegations that Plaintiff was paid for hours that he did not work.

25.     Any written job description of Plaintiff's job.

26.     All telephone records for each telephone controlled by Defendant and used by Plaintiff between his first day of employment and his final day of employment with Defendant that reflect the dates and times of incoming and/or outgoing calls made by or to Plaintiff.

27.   All documents evidencing, Plaintiff's termination, including but not limited to: (a) any request(s) or directives that resulted in Plaintiff's termination; or (b) approvals for Plaintiff's termination.

28.   All statements taken or received by Defendant from any person containing information or knowledge relating to the subject matter of this action.

29.   All documents and/or written or audio recordings relating to inquiries or investigations conducted by Defendant as a result of Plaintiff's claims.

30.   All documents and correspondence authored or received by Defendant and/or any current or former employee of Defendant relating to the Fair Labor Standards Act and/or Florida Constitution Article X Sec. 24.

31.   All documents that show the dates and/or times that Plaintiff signed on and/or off Plaintiff's computer, ADP, or any other time keeping software, and/or other computer records.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to the following by service of process along with the Summons and Complaint:

Madewell Kitchens, Inc.
c/o Registered Agent Henry DJR Madewell
11617 SR 52
Hudson, FL 34669

JOHN BALES ATTORNEYS

Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email:  Team-EmploymentLaw@JohnBales.com

Attachment "A"

# 29 CFR 516.2 - EMPLOYEES SUBJECT TO MINIMUM WAGE OR MINIMUM WAGE AND OVERTIME PROVISIONS PURSUANT TO SECTION 6 OR SECTIONS 6 AND 7(A) OF THE ACT.

CFR      Updates      Authorities (U.S. Code)

§ 516.2 Employees subject to minimum wage or minimum wage and overtime provisions pursuant to section 6 or sections 6 and 7(a) of the Act.

**(a)** *Items required.* Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.) (Employee's sex identification is related to the equal pay provisions of the Act which are administered by the Equal Employment Opportunity Commission. Other equal pay recordkeeping requirements are contained in 29 CFR part 1620.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)

(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) *Records of retroactive payment of wages.* Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

(c) *Employees working on fixed schedules.* With respect to employees working on fixed schedules, an employer may maintain records showing instead of the hours worked each day and each workweek as required by paragraph (a)(7) of this section, the schedule of daily and weekly hours the employee normally works. Also,

(1) In weeks in which an employee adheres to this schedule, indicates by check mark, statement or other method that such hours were in fact actually worked by him, and

(2) In weeks in which more or less than the scheduled hours are worked, shows that exact number of hours worked each day and each week.

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

      Plaintiff,

vs.                      Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

      Defendants.

_____/

PLAINTIFF'S FIRST REQUEST FOR
ADMISSIONS TO DEFENDANT MADEWELL KITCHENS, INC.

Pursuant to the applicable rules of civil procedure, Plaintiff Jesse D. Ciccone requests the

Defendant Madewell Kitchens, Inc., within forty-five (45) days of this request, make the following

admissions for the purpose of this action only:

A.    DEFINITIONS

    1.    "Plaintiff" shall mean Plaintiff Jesse D. Ciccone and/or his/her/their legal representatives.

    2.    "Defendant," "you," and "your" shall mean each and every individual, organization, association, business, entity, party, etc. of the above referenced Defendant to which the following interrogatories are addressed, and their agents, predecessors, and successors in interest, parents, subsidiaries, affiliates, divisions, area and/or regional offices, directors, officers, employees, managing general agents, underwriting agents, claims adjusting agents, and/or representatives of the foregoing.

    3.    "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Defendant.

    4.    "Complaint" shall mean Plaintiff's Complaint and Demand for Jury Trial in this action.

    5.    "Person" or "Persons" shall mean and shall include, without limitation and in the singular as well as the plural, natural persons, governmental entities, agencies, commissions, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically states otherwise.

6.     "Communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data paper, or any other means. The term "communication" shall also include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

7.     "Document" shall mean any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but not limited to, papers, emails, text messages, ESI, records, films, scans, agreements, contracts, notes, memoranda, correspondence, telefacsimile, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone and/or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent and/or received by the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by Defendant through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "document" also includes, but is not limited to, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in Defendant's possession, custody, or control, a copy of that document should be produced.

8.     "ESI" means electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messaging, computer programs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of the applicable rules of civil procedure.

9.     "Relating to" or "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

10.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that may otherwise be construed to be outside of their scope.

11.     The singular includes the plural, and vice versa. The masculine includes the feminine, and vice versa.

12.    "All" shall be construed as "all and each," and the term "each" shall be construed as "all and each."

13.    "Identify," "identity," or "describe" mean:

    a.    With respect to a natural person, to state the person's full name, the present or last known business and residence address, telephone number, cell phone, email address, the job title and description of job responsibilities at the time in question (if applicable) of such person;

    b.    With respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business as;

    c.    With respect to a document:

        i.    State its customary business description;

        ii.    State its number (if any) (e.g., invoice or purchase order number);

        iii.    State its date;

        iv.    Identify the addressee(s) or recipient(s) (if any), including all persons provided with copies;

        v.    Identify the custodian if such document, or a copy thereof, is in Defendant's possession, custody or control;

        vi.    Identify all persons, other than Defendant, that possess, have custody of, or have control over such document or any copy thereof;

        vii.    State the substance of the subject matter of each document; and

        viii.    In lieu of providing the information called for by subparagraphs (i) through (vii) above, Defendant may state the time and place that such document(s) will be made available to Plaintiff for inspection and copying.

    d.    With respect to an oral communication, to state the names and titles of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication.

## B.    INSTRUCTIONS

1.    Defendant shall respond to the following request for admissions within the time period and in the manner provided by the applicable rules of civil procedure.

2.    The matter is admitted unless Defendant serves upon Plaintiff a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of process and initial pleading upon Defendant.

3.    If objection is made, the reasons shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter.  A denial shall fairly meet the substance of the requested admission, and

when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder.

4. Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that that Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny.

5. If Defendant considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; Defendant may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 1.380(c).

6. If any incomplete responses and/or improper objections are served in response to the following request for admissions, the requesting party may seek sanctions pursuant to the applicable rules of civil procedure and other applicable law.

C.    REQUEST FOR ADMISSIONS

1. Admit that Plaintiff was an employee of Defendant pursuant to 29 U.S.C. section 203.

2. Admit that Defendant was Plaintiff's employer within the meaning of 29 U.S.C. section 203.

3. Admit that Defendant employed Plaintiff's within the meaning of 29 U.S.C. section 203.

4. Admit that Defendant's annual sales volume as defined by 29 U.S.C. section 203 for each of the three (3) taxable years of Defendant immediately preceding the filing of this lawsuit exceeded $500,000.00.

5. Admit that Defendant employed two or more employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce while employed with Defendant.

6. As to each individual listed in the Complaint as an owner, operator, and/or manager of Defendant, admit that he or she was an owner, operator, or manager during any of the three (3) years immediately preceding the filing of this lawsuit.

7. Admit that during one or more weeks during Plaintiff's employ with Defendant, Plaintiff worked in excess of forty (40) hours in a work week.

8. Admit that for those weeks that Plaintiff worked in excess of forty (40) hours for Defendant, Plaintiff was not paid time and one-half of his regular rate of pay for the hours he worked in excess of forty.

9.     Admit that Defendant's failure to compensate Plaintiff at the rate of time and one-half for his hours worked in excess of forty (40) in a work week, constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

10.    Admit that the records maintained by Defendant do not provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.

11.    Admit that all remuneration and/or compensation paid to Plaintiff for services rendered to Defendant is reflected in the payroll records of Defendant.

12.    Admit that all remuneration and/or compensation paid to Plaintiff by Defendant is correctly and properly reflected in the W-2 form provided to Plaintiff.

13.    Admit that all remuneration and/or compensation paid to Plaintiff by Defendant was correctly and properly reported to the Internal Revenue Service and Social Security Administration.

14.    Admit that any and all remuneration and/or compensation paid to Plaintiff by Defendant was properly reported to any and all worker's compensation insurers and/or carriers.

15.    Admit that no part of Plaintiff's remuneration and/or compensation, other than discretionary bonuses and holiday bonuses, was paid in the form of cash.

16.    Admit that Defendant did not consult with an attorney prior to the filing of this lawsuit to determine whether Plaintiff should be paid overtime if he worked more than forty (40) hours within a workweek while employed with Defendant.

17.    Admit that Defendant did not consult with the Department of Labor prior to the filing of this lawsuit to determine whether Plaintiff should be paid overtime if he worked more than forty (40) hours within a workweek while employed with Defendant.

18.    Admit that Plaintiff did not have the authority to hire any employees while employed with Defendant.

19.    Admit that Plaintiff did not have the authority to fire any employees while employed with Defendant.

20.    Admit that Plaintiff did not fire any employees while employed with Defendant.

21.    Admit that Plaintiff did not hire any employees while employed with Defendant.

22.    Admit that Plaintiff was not considered to be an "exempt" manager of Defendant's company while employed with Defendant.

23.    Admit that Plaintiff worked on more than one Saturday while employed with Defendant.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to the following by service of process along with the Summons and Complaint:

Madewell Kitchens, Inc.
c/o Registered Agent Henry DJR Madewell
11617 SR 52
Hudson, FL 34669

JOHN BALES ATTORNEYS

*Charlotte Fin Kelly*

Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

     Plaintiff,

vs.                              Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

     Defendants.

_____/

PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT HENRY MADEWELL

     Pursuant to the applicable rules of civil procedure, Plaintiff Jesse D. Ciccone propounds to

Defendant Henry Madewell the following interrogatories numbered one (1) through twenty-four (24)

to be answered in writing and under oath within forty-five (45) days of service or at such earlier time

as shall be ordered by the Court and serve them on all other parties:

                    JOHN BALES ATTORNEYS

                    *Charlotte Fan Kelly*

                    Charlotte F. Kelly
                    Florida Bar No. 90105
                    A Bales Professional Association
                    625 E. Twiggs St., Suite 100
                    Tampa, FL 33602
                    Telephone: (813) 224-9100
                    Facsimile: (813) 224-9109
                    Service Email: Team-EmploymentLaw@JohnBales.com

A.   DEFINITIONS

1.   "Plaintiff" shall mean Plaintiff Jesse D. Ciccone and/or his/her/their legal representatives.

2.   "Defendant," "you," and "your" shall mean each and every individual, organization, association, business, entity, party, etc. of the above referenced Defendant to which the following interrogatories are addressed, and their agents, predecessors, and successors in interest, parents, subsidiaries, affiliates, divisions, area and/or regional offices, directors, officers, employees, managing general agents, underwriting agents, claims adjusting agents, and/or representatives of the foregoing.

3.   "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Defendant.

4.   "Complaint" shall mean Plaintiff's Complaint and Demand for Jury Trial in this action.

5.   "Person" or "Persons" shall mean and shall include, without limitation and in the singular as well as the plural, natural persons, governmental entities, agencies, commissions, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically states otherwise.

6.   "Communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data paper, or any other means. The term "communication" shall also include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

7.   "Document" shall mean any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but not limited to, papers, emails, text messages, ESI, records, films, scans, agreements, contracts, notes, memoranda, correspondence, telefacsimile, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone and/or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent and/or received by the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated, if necessary, by Defendant through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "document" also includes, but is not limited to, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in

connection with any documents, whether used or not. If the original of any document is not in Defendant's possession, custody, or control, a copy of that document should be produced.

8. "ESI" means electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messaging, computer programs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of the applicable rules of civil procedure.

9. "Relating to" or "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising, or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that may otherwise be construed to be outside of their scope.

11. The singular includes the plural, and vice versa. The masculine includes the feminine, and vice versa.

12. "All" shall be construed as "all and each," and the term "each" shall be construed as "all and each."

13. "Identify," "identity," and "describe" mean:

    a. With respect to a natural person, to state the person's full name, the present or last known business and residence address, telephone number, cell phone number, email address, the job title and description of job responsibilities at the time in question (if applicable) of such person;

    b. With respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business as;

    c. With respect to a document:

        i. State its customary business description;

        ii. State its number (if any) (e.g., invoice or purchase order number);

        iii. State its date;

        iv. Identify the addressee(s) or recipient(s) (if any), including all persons provided with copies;

        v. Identify the custodian if such document, or a copy thereof, is in Defendant's possession, custody or control;

        vi. Identify all persons, other than Defendant, that possess, have custody of, or have control over such document or any copy thereof;

        vii. State the substance of the subject matter of each document; and

viii.    In lieu of providing the information called for by subparagraphs (i)
through (vii) above, Defendant may state the time and place that such
document(s) will be made available to Plaintiff for inspection and
copying.

d.    With respect to an oral communication, to state the names and titles of all
persons involved in the communication, the location of all such persons at
the time of the communication, and the date and approximate time of the
communication.

## B.    INSTRUCTIONS

1.    Defendant shall respond to such interrogatory by giving the information he or she has
and the source of such information.

2.    These interrogatories are continuing in nature so as to require the filing of
supplemental answers to the extent required under the applicable rules of civil procedure.

3.    If Defendant cannot answer any interrogatory in full, answer to the extent possible,
explain why Defendant cannot answer the remainder, state the nature of the information and
knowledge that Defendant can furnish, and provide a supplemental response when Defendant obtains
more information.

4.    If Defendant's answer to any of the interrogatories derives from a document, identify
the document as required above.

5.    Each interrogatory shall be answered separately and fully in writing under oath by the
party or parties, unless the interrogatory is objected to, in which event the grounds for objection shall
be stated and signed by the attorney making it.

6.    An interrogatory otherwise proper is not objectionable merely because the answer to
the interrogatory involves an opinion or contention that relates to fact or calls for a conclusion or
asks for information not within the party's personal knowledge.

7.    For each Document or Communication responsive to any request that is withheld
under a claim of privilege, doctrine, or otherwise, the following information must be provided and
included in the privilege log:

a.    The date the document or communication was made, prepared, or created;
b.    The name and title of the author or authors of the document or communication;
c.    A summary of the subject matter of the document or communication;
d.    The identity and title of each person or persons that assisted the author or authors in
creating the document or communication;
e.    The identity and title of each person to whom the document or communication or the
contents of the document or communication have been communicated (either
intentionally or inadvertently), and the date(s) of such communication;
f.    A detailed statement of the basis on which privilege is claimed; and

g.   The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f), above.

8.   If any incomplete answers and/or improper objections are served in response to the following interrogatories, the propounding party may seek sanctions pursuant to the applicable rules of civil procedure and other applicable law.

C.   INTERROGATORIES

1.   What is the name and address of the person answering these interrogatories, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed?

2.   Describe any and all policies of insurance which Defendant contends cover or may cover Defendant for the allegations set forth in Plaintiff's Complaint, specifying as to each policy the (1) name of the insurer; (2) policy number of each insurance policy; (3) effective dates of the policy; (4) name, address, and telephone number of insurance company for each insurance policy; (5) name of all insureds for each insurance policy; (6) limits (amount) of liability coverage for each insurance policy; (7) a statement of any policy or coverage defense that insurance company reasonably believes is available to such insurance company at the time of filing such statement for each insurance policy; (8) name and telephone number of insurance agent for each insurance policy; and (9) name and address of the custodian of the policy.

3.   With respect to your current or former employees, please identify all individual(s) who, for the three year period preceding the filing of this lawsuit, were responsible for maintaining, or who participated in the maintenance of, the records of: (1) the number of hours worked by Plaintiff each work day and work week; (2) Plaintiff's rate of regular and overtime pay; and (3) the amount of regular and overtime pay earned by Plaintiff.

4.   State with specificity and in detail the time, form, manner, and amount in which Plaintiff is or was compensated by Defendant. Your response should specifically state the basis for the rate of such calculation (if the amount changed over time, state each amount, and when the amount changed), and include in detail whether Plaintiff was paid an hourly wage, by salary, pursuant to a piece rate method of compensation, or another compensation policy. Your response should also include any and all amounts paid for (1) bonus(es), (2) holiday pay, (3) vacation pay, (4) shift pay, (5) contributions to a 401k or other retirement account, (6) contributions to health savings accounts, and (7) commissions. With respect to all amounts paid, your response should state the date upon received the compensation and the amount of the compensation.

5. State with specificity and in detail the terms of all agreements or understandings between Defendant and Plaintiff regarding the basis of Plaintiff's compensation, and describe the records and documents upon which you rely in responding to this Interrogatory.

6. If Defendant maintains records of the number of hours worked by Plaintiff, describe those records, the manner in which such records were compiled, the name of the individual(s) responsible for compiling those records, the place at which such records are maintained, and identify the person(s) who has custody of such records.

7. If Defendant claims that Plaintiff is not entitled to be paid time and one-half for every hour worked in excess of forty (40) hours per work week, please set forth the reason for your claim, the factual basis upon which you make that claim, and describe the records and documents upon which you rely in responding to this Interrogatory.

8. If you claim that Plaintiff is or was exempt from the provisions of the Fair Labor Standards Act, please state the specific exemption upon which you rely, indicate as part of your answer the factual basis for claiming such exemption, and describe the records and documents upon which you rely in responding to this Interrogatory.

9. If Defendant claims that it relied upon any ruling, regulation, interpretation, or decision of any kind issued, promulgated, or drafted by the United States Department of Labor in support of their failure to pay Plaintiff time and one-half for all hours worked in excess of forty (40) per work week, describe and provide the citation of all such documents and an explanation of each.

10. If Defendant or any entity owned in whole or in part by Defendant has been sued or investigated by the U.S. Department of Labor or has received a claim by or demand from any employee regarding minimum wage or overtime compensation, state the name of the claimant for the suit, claim and/or investigation, and describe in detail the factual basis of the suit, claim, and/or investigation.

11. State the name, address, and telephone number of all Certified Public Accounting Firms, accounting services, bookkeeping services, and payroll services, which provided services to Defendant for the three years preceding the filing of this lawsuit.

12. For each statement, report, memorandum, and recording obtained by you, or any attorney or representative on your behalf, from any person that in any way concerns the facts of this case or the matters alleged in your pleadings, separately identify and/or state the author of each such statement, report, memorandum, or recording; the person or persons to whom it was issued, distributed, or otherwise provided; the present location and custodian of it; the date it was prepared; and what it is referencing/addressing.

13. Please identify every individual or employee of Defendant responsible for computing the weekly wages due to and/or paid to Plaintiff.

14. Please identify every individual or employee of Defendant who was or currently is the immediate supervisor of Plaintiff within three (3) years prior to the date Plaintiff's Complaint was filed.

15. Please identify the person or persons most instrumental in crafting, creating, or developing Defendant's pay policies, including the pay policy at issue as it applied to Plaintiff, during the three (3) years immediately preceding the filing of this lawsuit.

16. Please identify all employees of Defendant (including former employees), whose duties were similar to those performed by Plaintiff for Defendant, and who were compensated in a manner similar to Plaintiff, and who were employed by Defendant within the three (3) years preceding the filing of this lawsuit.

17. Separately identify each and every person who is known or believed by Defendant to have knowledge of the amount paid to Plaintiff and/or the hours worked by Plaintiff, and for each such person, summarize the nature and substance of their knowledge.

18. With respect to each and every affirmative defense or counterclaim raised by Defendant in its response to Plaintiff's Complaint, state separately for each such defense or counterclaim any and all factual and legal support for such defense or counterclaim and identify all witnesses who have knowledge of the facts which support such defense or counterclaim.

19.     Identify any and all work-related decisions that Plaintiff was required to make for Defendant.


20.     Identify all employees that Defendant alleges Plaintiff supervised while employed with Defendant, as well as their position and time periods that Defendant alleges Plaintiff supervised the employees.


21.     Identify any employees Defendant alleges Plaintiff hired while employed with Defendant.


22.     Identify any employees Defendant alleges Plaintiff fired while employed with Defendant.


23.     Identify any and all documents upon which Defendant relied in answering each of the above Interrogatories, and for each such document identified, please provide the Interrogatory Number that such document relates to.


24.     If you contend any person or entity other than you is, or may be, liable in whole or part for the claims asserted against you in Complaint, identify each such person or entity, the legal basis for your contention, the facts or evidence upon which your contention is based, and whether or not you have notified each such person or entity of your contention.

By: _____

STATE OF _____

COUNTY OF _____

       BEFORE ME, the undersigned authority, on this day, personally appeared _____

_____ , who being first duly sworn, deposes and says that

he/she has read the foregoing Answers to Interrogatories, knows the contents of same, and the same

are true and correct.

                            _____
                            Print Name:_____
                            NOTARY PUBLIC-STATE OF _____
                            Commission Number:_____
                            My commission expires:_____
                            (Notary Seal)

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

     Plaintiff,

vs.                                Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

     Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR PRODUCTION
## TO DEFENDANT HENRY MADEWELL

     Pursuant to the applicable rules of civil procedure, Plaintiff Jesse D. Ciccone requests

that Defendant Henry Madewell produce for inspection and/or copying the documents, items,

and things in their possession, custody, or control listed below. The production, inspection, and

copying shall take place within forty-five (45) days of service of this request or at such earlier

time as shall be ordered by the Court, at a mutually agreeable, place, time, and date.

A.     DEFINITIONS

     1.     "Plaintiff" shall mean Plaintiff Jesse D. Ciccone and/or his/her/their legal
representatives.

     2.     "Defendant," "you," and "your" shall mean each and every individual,
organization, association, business, entity, party, etc. of the above referenced Defendant to which
the following interrogatories are addressed, and their agents, predecessors, and successors in
interest, parents, subsidiaries, affiliates, divisions, area and/or regional offices, directors, officers,
employees, managing general agents, underwriting agents, claims adjusting agents, and/or
representatives of the foregoing.

     3.     "Employee" means any former or present employee, officer, agent, broker,
representative, consultant, office, committee, department, division or group within or retained by
Defendant.

     4.     "Complaint" shall mean Plaintiff's Complaint and Demand for Jury Trial in this
action.

     5.     "Person" or "Persons" shall mean and shall include, without limitation and in the

singular as well as the plural, natural persons, governmental entities, agencies, commissions, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically states otherwise.

6.    "Communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data paper, or any other means. The term "communication" shall also include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

7.    "Document" shall mean any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but not limited to, papers, emails, text messages, ESI, records, films, scans, agreements, contracts, notes, memoranda, correspondence, telefacsimile, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone and/or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent and/or received by the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by Defendant through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "document" also includes, but not limited to, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in Defendant's possession, custody, or control, a copy of that document should be produced.

8.    "ESI" means electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messaging, computer programs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of the applicable rules of civil procedure.

9.    "Relating to" or "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

10.    The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that may otherwise be construed to be outside of their scope.

11. The singular includes the plural, and vice versa. The masculine includes the feminine, and vice versa.

12. "All" shall be construed as "all and each," and the term "each" shall be construed as "all and each."

13. "Identify" "identity", and "describe" mean:

    a.    With respect to a natural person, to state the person's full name, the present or last known business and residence address, telephone number, cell phone, email address, the job title and description of job responsibilities at the time in question (if applicable) of such person;

    b.    With respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business as;

    c.    With respect to a document:

        i.    State its customary business description;

        ii.    State its number (if any) (e.g., invoice or purchase order number);

        iii.    State its date;

        iv.    Identify the addressee(s) or recipient(s) (if any), including all persons provided with copies;

        v.    Identify the custodian if such document, or a copy thereof, is in Defendant's possession, custody or control;

        vi.    Identify all persons, other than Defendant, that possess, have custody of, or have control over such document or any copy thereof;

        vii.    State the substance of the subject matter of each document; and

        viii.    In lieu of providing the information called for by subparagraphs (i) through (vii) above, Defendant may state the time and place that such document(s) will be made available to Plaintiff for inspection and copying.

    d.    With respect to an oral communication, to state the names and titles of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication.

## B. INSTRUCTIONS

1. Defendant shall respond to the following document requests within the time period and in the manner provided by the applicable rules of civil procedure.

2. These document requests are continuing in nature so as to require the production of supplemental documents and the filing of supplemental answers to the extent required under the applicable rules of civil procedure.

3. Each request should be considered as including a request for separate production of all copies and, to the extent applicable, preliminary drafts of the Documents responsive to that

request that differ in any respect from the Original or final draft or from each other (e.g., by reason of differences in form or content or by reason of handwritten notes or comments having been added to one copy of the Document but not on the Original or other copies thereof).

4.    When Documents are requested, such request includes Documents in the custody or control of the party's agents, representatives, predecessors in interest, successors in interest, subsidiaries, parents, experts, and/or persons consulted concerning any factual matters or matters of opinion relating to any of the facts or issues involved in this case, and includes, unless privileged, the party's attorney.

5.    If Defendant produces any Documents in response to these document requests, indicate, by bates number or other appropriate means, the Documents that are responsive to each document request.

6.    If Defendant is not producing any Documents responsive to a document request, Defendant's answer should make it clear that Defendant is not producing any Documents responsive to that document request.

7.    For each Document responsive to any request that is withheld under a claim of privilege, doctrine, or otherwise, the following information must be provided and included in the privilege log:

        a.    The date the document was prepared or created;
        b.    The name and title of the author or authors of the document;
        c.    A summary of the subject matter of the document;
        d.    The identity and title of each person or persons that assisted the author or authors in creating the document;
        e.    The identity and title of each person to whom the document or the contents of the document have been communicated (either intentionally or inadvertently), the date(s) of such communication.
        f.    A detailed statement of the basis on which privilege is claimed; and
        g.    The identity and title, if any, of the person or persons providing the information requested in subsections (a) through (f), above.

8.    If any incomplete responses and/or improper objections are served in response to the following document requests, the requesting party may seek sanctions pursuant to the applicable rules of civil procedure and other applicable law.

C.    REQUESTS FOR PRODUCTION

1.    All policies of insurance referenced in the interrogatories to Defendant and all other policies of insurance which Defendant contends cover or may cover Defendant for the allegations set forth in Plaintiff's Complaint that provide liability coverage including those within three (3) years prior to the date of the filing of Plaintiff's Complaint. (Please include all declaration sheets and endorsements, both primary and umbrella policies.)

2.    All documents which evidence the terms and conditions of Plaintiff's employment

with Defendant, including all company and personnel manuals, employee handbooks, and memos that Plaintiff was provided by Defendant.

3.   All daily time records, time slips, time cards, or other records maintained by Defendant evidencing the time Plaintiff arrived at work, was on break, was at lunch or departed from work.

4.   The personnel files of Plaintiff.

5.   Any and all records, documents, and guidelines relating in any way to Plaintiff that contain all or part of the information listed in 29 C.F.R. 516.2. A copy of 29 C.F.R. 516.2 is attached hereto as Attachment "A."

6.   For each pay period of Plaintiff's employ, all paychecks, pay reports, pay stubs, computer reports or printouts, or other documents evidencing the amount paid to Plaintiff, the number of hours worked by Plaintiff, all deductions from Plaintiff's compensation and the periods for which Plaintiff was absent from work.

7.   All payroll practice guidelines, record keeping guidelines, directives, memoranda, or other documents to supervisors or other managerial personnel regarding the number of hours worked by Defendant's employees employed in a similar capacity as Plaintiff, the practices of Defendant with respect to the payment of overtime compensation to employees such as Plaintiff, and the policies and practices of the Defendant relating to maintenance of records of hours worked by employees similarly situated to Plaintiff.

8.   All documents or records referenced in Defendant's response to Plaintiff's First Set of Interrogatories to Defendant and/or used to respond to such interrogatories.

9.   All documents or records relied upon as a basis for responding to Plaintiff's First Set of Interrogatories to Defendant.

10.   All form W-2s or 1099s prepared for Plaintiff by Defendant.

11.   The corporate or organizational chart of Defendant.

12.   If Defendant claims that it has relied upon any opinion, ruling, regulation, interpretation, or document drafted, issued, or promulgated by the United States Department of Labor as a basis for its failure to pay Plaintiff overtime compensation or as a basis for claiming that it has paid Plaintiff overtime compensation, produce all such documents.

13.   With respect to any audits, reconciliations, reviews, or investigations by the U.S. Department of Labor, Wage and Hour Division, on or after 1999 of Defendant, or any entity owned in whole or in part by Defendant, produce all correspondence, reports, schedules, work papers, opinions, and other documents that relate or pertain to said inquiry by the DOL of Defendant's compensation practices.

14.     Any and all documents and correspondence authored or received by any current or former employee of Defendant to any current or former employee of Defendant, regarding the subject matter of this action.

15.     Any and all documents and correspondence from Plaintiff to Defendant or from Defendant to Plaintiff regarding the subject matter of this action.

16.     Any and all collective bargaining agreements pertaining to, relating to, or including your employees to which Plaintiff was subjected.

17.     With respect to any lawsuits filed against Defendant after 1995 relating to the payment of wages and/or overtime compensation, produce all pleadings, all answers to interrogatories, all responses to requests for admissions, all deposition transcripts, all settlement documents, releases, waivers, and confidentiality agreements.

18.     Any and all documents identifying retroactive payment of wages or compensation under the supervision of the administrator of the Wage and Hour Division, U.S. Department of Labor, including the amount of such payment to each employee, the period covered by such employment, the date of the payment and the name(s) of the employee(s) to whom such payment was made.

19.     All Federal Income Tax Returns for Defendant for taxable years beginning on or after 1999.

20.     If Defendant maintains that its annual gross volume of sales made or business done or gross revenue for taxable years beginning 1999 is less than $500,000 annually, produce all documents evidencing the gross receipts of Defendant for taxable years beginning 1999. Your response to this request should include, but not be limited to, financial statements (whether audited or not), all loan applications, and all sales and other receipts for the years at issue.

21.     All documents evidencing the reporting of the earnings of Plaintiff to all third parties, which shall include, but shall not be limited to, insurance carriers, insurance agents and/or representatives, federal, state and local taxing authorities and the Florida Unemployment Compensation Fund.

22.     To the extent any part of the remuneration and/or compensation paid to Plaintiff was not reflected in Plaintiff's pay check, produce all documents evidencing the amount, date, and nature and purpose of all such payments.

23.     All emails sent from the computer, tablet computers, and/or cell phone used by Plaintiff to the extent that such emails have evidentiary value pertaining to Plaintiff's hours of work, including their start time, stop time, and/or time on break.

24.     Any written proof to support Defendant's allegations that Plaintiff was paid for hours that he did not work.

25. Any written job description of Plaintiff's job.

26. All telephone records for each telephone controlled by Defendant and used by Plaintiff between his first day of employment and his final day of employment with Defendant that reflect the dates and times of incoming and/or outgoing calls made by or to Plaintiff.

27. All documents evidencing, Plaintiff's termination, including but not limited to: (a) any request(s) or directives that resulted in Plaintiff's termination; or (b) approvals for Plaintiff's termination.

28. All statements taken or received by Defendant from any person containing information or knowledge relating to the subject matter of this action.

29. All documents and/or written or audio recordings relating to inquiries or investigations conducted by Defendant as a result of Plaintiff's claims.

30. All documents and correspondence authored or received by Defendant and/or any current or former employee of Defendant relating to the Fair Labor Standards Act and/or Florida Constitution Article X Sec. 24.

31. All documents that show the dates and/or times that Plaintiff signed on and/or off Plaintiff's computer, ADP, or any other time keeping software, and/or other computer records.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to the following by service of

process along with the Summons and Complaint:

Madewell Kitchens, Inc.
c/o Registered Agent Henry DJR Madewell
11617 SR 52
Hudson, FL 34669

JOHN BALES ATTORNEYS

*Charlotte Finn Kelly*

Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com

Attachment "A"

# 29 CFR 516.2 - EMPLOYEES SUBJECT TO MINIMUM WAGE OR MINIMUM WAGE AND OVERTIME PROVISIONS PURSUANT TO SECTION 6 OR SECTIONS 6 AND 7(A) OF THE ACT.

| CFR | Updates | Authorities (U.S. Code) |

§ 516.2 Employees subject to minimum wage or minimum wage and overtime provisions pursuant to section 6 or sections 6 and 7(a) of the Act.

(a) *Items required.* Every employer shall maintain and preserve payroll or other records containing the following information and data with respect to each employee to whom section 6 or both sections 6 and 7(a) of the Act apply:

(1) Name in full, as used for Social Security recordkeeping purposes, and on the same record, the employee's identifying symbol or number if such is used in place of name on any time, work, or payroll records,

(2) Home address, including zip code,

(3) Date of birth, if under 19,

(4) Sex and occupation in which employed (sex may be indicated by use of the prefixes Mr., Mrs., Miss., or Ms.) (Employee's sex identification is related to the equal pay provisions of the Act which are administered by the Equal Employment Opportunity Commission. Other equal pay recordkeeping requirements are contained in 29 CFR part 1620.)

(5) Time of day and day of week on which the employee's workweek begins (or for employees employed under section 7(k) of the Act, the starting time and length of each employee's work period). If the employee is part of a workforce or employed in or by an establishment all of whose workers have a workweek beginning at the same time on the same day, a single notation of the time of the day and beginning day of the workweek for the whole workforce or establishment will suffice,

(6)

(i) Regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the Act, (ii) explain basis of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis, and (iii) the amount and nature of each payment which, pursuant to section 7(e) of the Act, is excluded from the "regular rate" (these records may be in the form of vouchers or other payment data),

(7) Hours worked each workday and total hours worked each workweek (for purposes of this section, a "workday" is any fixed period of 24 consecutive hours and a "workweek" is any fixed and regularly recurring period of 7 consecutive workdays),

(8) Total daily or weekly straight-time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation,

(9) Total premium pay for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under paragraph (a)(8) of this section,

(10) Total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions,

(11) Total wages paid each pay period,

(12) Date of payment and the pay period covered by payment.

(b) *Records of retroactive payment of wages.* Every employer who makes retroactive payment of wages or compensation under the supervision of the Administrator of the Wage and Hour Division pursuant to section 16(c) and/or section 17 of the Act, shall:

(1) Record and preserve, as an entry on the pay records, the amount of such payment to each employee, the period covered by such payment, and the date of payment.

(2) Prepare a report of each such payment on a receipt form provided by or authorized by the Wage and Hour Division, and (i) preserve a copy as part of the records, (ii) deliver a copy to the employee, and (iii) file the original, as evidence of payment by the employer and receipt by the employee, with the Administrator or an authorized representative within 10 days after payment is made.

(c) *Employees working on fixed schedules.* With respect to employees working on fixed schedules, an employer may maintain records showing instead of the hours worked each day and each workweek as required by paragraph (a)(7) of this section, the schedule of daily and weekly hours the employee normally works. Also,

(1) In weeks in which an employee adheres to this schedule, indicates by check mark, statement or other method that such hours were in fact actually worked by him, and

(2) In weeks in which more or less than the scheduled hours are worked, shows that exact number of hours worked each day and each week.

IN THE CIRCUIT COURT FOR HILLSBOROUGH COUNTY, FLORIDA

Jesse Ciccone,

      Plaintiff,

vs.                          Case No: 16-CA-011712

Madewell Kitchens, Inc. and
Henry DJR Madewell,

      Defendants.

_____/

## PLAINTIFF'S FIRST REQUEST FOR
## ADMISSIONS TO DEFENDANT HENRY MADEWELL.

      Pursuant to the applicable rules of civil procedure, Plaintiff Jesse D. Ciccone requests the

Defendant Henry Madewell, within forty-five (45) days of this request, make the following

admissions for the purpose of this action only:

A.    DEFINITIONS

      1.    "Plaintiff" shall mean Plaintiff Jesse D. Ciccone and/or his/her/their legal representatives.

      2.    "Defendant," "you," and "your" shall mean each and every individual, organization, association, business, entity, party, etc. of the above referenced Defendant to which the following interrogatories are addressed, and their agents, predecessors, and successors in interest, parents, subsidiaries, affiliates, divisions, area and/or regional offices, directors, officers, employees, managing general agents, underwriting agents, claims adjusting agents, and/or representatives of the foregoing.

      3.    "Employee" means any former or present employee, officer, agent, broker, representative, consultant, office, committee, department, division or group within or retained by Defendant.

      4.    "Complaint" shall mean Plaintiff's Complaint and Demand for Jury Trial in this action.

      5.    "Person" or "Persons" shall mean and shall include, without limitation and in the singular as well as the plural, natural persons, governmental entities, agencies, commissions, partnerships, corporations, firms, joint ventures, groups, associations, and all other organizations, unless the context specifically states otherwise.

6. "Communication" shall mean any transmission of information by any means, including, without limitation, by spoken language, electronic transmission of data paper, or any other means. The term "communication" shall also include, without limitation, any copies of written information received by the person or entity responding to this request, even if such person or entity is not the primary or direct addressee of such written information.

7. "Document" shall mean any kind of written, typewritten, or printed material whatsoever, any kind of graphic material, and any computer readable media including, but not limited to, papers, emails, text messages, ESI, records, films, scans, agreements, contracts, notes, memoranda, correspondence, telefacsimile, electronic mail messages, studies, working papers, letters, telegrams, invoices, personal diaries, reports, records, books, forms, indexes, transcriptions and recordings, magnetic tapes, disks and printed cards, data sheets, data processing cards, personal calendars, journals, diaries, interoffice memoranda, minutes and records of any sorts of meetings, financial statements, financial calculations, estimates, reports of telephone and/or other oral conversations, appointment books, maps, drawings, charts, graphs, photographs, sound recordings, videotape recordings, computer printouts, microfilms, information sent and/or received by the internet, information stored electronically or on computer chips, disks or databases, all other compilations of data from which information can be obtained or translated if necessary, by Defendant through detector devices into reasonable, usable form, and all other writings and recordings of every kind, however produced or reproduced, whether signed or unsigned. The term "document" also includes, but is not limited to, the original and all file copies and other copies that are not identical to the original no matter how or by whom prepared, and all drafts prepared in connection with any documents, whether used or not. If the original of any document is not in Defendant's possession, custody, or control, a copy of that document should be produced.

8. "ESI" means electronically stored information including writings, drawings, graphs, charts, photographs, sound recordings, images, emails, text messages, instant messaging, computer programs, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, by Defendant into reasonably usable form, or to inspect and copy, test, or sample any designated tangible things which constitute or contain matters within the scope of the applicable rules of civil procedure.

9. "Relating to" or "Relate to" shall mean constituting, reflecting, representing, supporting, contradicting, referring to, stating, describing, recording, noting, embodying, containing, mentioning, studying, analyzing, discussing, evaluating, comprising or relevant to. As indicated, the term necessarily includes information that is in opposition to as well as in support of the position(s) and claim(s) of Defendant in this action.

10. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these requests all responses that may otherwise be construed to be outside of their scope.

11. The singular includes the plural, and vice versa. The masculine includes the feminine, and vice versa.

12.    "All" shall be construed as "all and each," and the term "each" shall be construed as "all and each."

13.    "Identify," "identity," or "describe" mean:

    a.    With respect to a natural person, to state the person's full name, the present or last known business and residence address, telephone number, cell phone, email address, the job title and description of job responsibilities at the time in question (if applicable) of such person;

    b.    With respect to an organization or entity, to state the full legal name of the entity and full name by which the organization or entity is commonly known or does business as;

    c.    With respect to a document:

        i.    State its customary business description;

        ii.    State its number (if any) (e.g., invoice or purchase order number);

        iii.    State its date;

        iv.    Identify the addressee(s) or recipient(s) (if any), including all persons provided with copies;

        v.    Identify the custodian if such document, or a copy thereof, is in Defendant's possession, custody or control;

        vi.    Identify all persons, other than Defendant, that possess, have custody of, or have control over such document or any copy thereof;

        vii.    State the substance of the subject matter of each document; and

        viii.    In lieu of providing the information called for by subparagraphs (i) through (vii) above, Defendant may state the time and place that such document(s) will be made available to Plaintiff for inspection and copying.

    d.    With respect to an oral communication, to state the names and titles of all persons involved in the communication, the location of all such persons at the time of the communication, and the date and approximate time of the communication.

## B.    INSTRUCTIONS

1.    Defendant shall respond to the following request for admissions within the time period and in the manner provided by the applicable rules of civil procedure.

2.    The matter is admitted unless Defendant serves upon Plaintiff a written answer or objection addressed to the matter within 30 days after service of the request or such shorter or longer time as the court may allow but, unless the court shortens the time, a defendant shall not be required to serve answers or objections before the expiration of 45 days after service of process and initial pleading upon Defendant.

3.    If objection is made, the reasons shall be stated. The answer shall specifically

deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that Defendant qualify an answer or deny only a part of the matter of which an admission is requested, Defendant shall specify so much of it as is true and qualify or deny the remainder.

    4.    Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless Defendant states that that Defendant has made reasonable inquiry and that the information known or readily obtainable by Defendant is insufficient to enable Defendant to admit or deny.

    5.    If Defendant considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; Defendant may deny the matter or set forth reasons why the party cannot admit or deny it, subject to rule 1.380(c).

    6.    If any incomplete responses and/or improper objections are served in response to the following request for admissions, the requesting party may seek sanctions pursuant to the applicable rules of civil procedure and other applicable law.

## C.    REQUEST FOR ADMISSIONS

    1.    Admit that Plaintiff was an employee of Defendant pursuant to 29 U.S.C. section 203.

    2.    Admit that Defendant was Plaintiff's employer within the meaning of 29 U.S.C. section 203.

    3.    Admit that Defendant employed Plaintiff's within the meaning of 29 U.S.C. section 203.

    4.    Admit that Defendant's annual sales volume as defined by 29 U.S.C. section 203 for each of the three (3) taxable years of Defendant immediately preceding the filing of this lawsuit exceeded $500,000.00.

    5.    Admit that Defendant employed two or more employees engaged in commerce or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce while employed with Defendant.

    6.    As to each individual listed in the Complaint as an owner, operator, and/or manager of Defendant, admit that he or she was an owner, operator, or manager during any of the three (3) years immediately preceding the filing of this lawsuit.

    7.    Admit that during one or more weeks during Plaintiff's employ with Defendant, Plaintiff worked in excess of forty (40) hours in a work week.

8.     Admit that for those weeks that Plaintiff worked in excess of forty (40) hours for Defendant, Plaintiff was not paid time and one-half of his regular rate of pay for the hours he worked in excess of forty.

9.     Admit that Defendant's failure to compensate Plaintiff at the rate of time and one-half for his hours worked in excess of forty (40) in a work week, constitutes a violation of the Fair Labor Standards Act, 29 U.S.C. 201 et seq.

10.    Admit that the records maintained by Defendant do not provide Defendant with a basis for determining the precise number of hours worked by Plaintiff during each work week of Plaintiff's employ with Defendant.

11.    Admit that all remuneration and/or compensation paid to Plaintiff for services rendered to Defendant is reflected in the payroll records of Defendant.

12.    Admit that all remuneration and/or compensation paid to Plaintiff by Defendant is correctly and properly reflected in the W-2 form provided to Plaintiff.

13.    Admit that all remuneration and/or compensation paid to Plaintiff by Defendant was correctly and properly reported to the Internal Revenue Service and Social Security Administration.

14.    Admit that any and all remuneration and/or compensation paid to Plaintiff by Defendant was properly reported to any and all worker's compensation insurers and/or carriers.

15.    Admit that no part of Plaintiff's remuneration and/or compensation, other than discretionary bonuses and holiday bonuses, was paid in the form of cash.

16.    Admit that Defendant did not consult with an attorney prior to the filing of this lawsuit to determine whether Plaintiff should be paid overtime if he worked more than forty (40) hours within a workweek while employed with Defendant.

17.    Admit that Defendant did not consult with the Department of Labor prior to the filing of this lawsuit to determine whether Plaintiff should be paid overtime if he worked more than forty (40) hours within a workweek while employed with Defendant.

18.    Admit that Plaintiff did not have the authority to hire any employees while employed with Defendant.

19.    Admit that Plaintiff did not have the authority to fire any employees while employed with Defendant.

20.    Admit that Plaintiff did not fire any employees while employed with Defendant.

21.    Admit that Plaintiff did not hire any employees while employed with Defendant.

22.     Admit that Plaintiff was not considered to be an "exempt" manager of Defendant's company while employed with Defendant.

23.     Admit that Plaintiff worked on more than one Saturday while employed with Defendant.

## CERTIFICATE OF SERVICE

I certify that the foregoing document has been furnished to the following by service of process along with the Summons and Complaint:

Madewell Kitchens, Inc.
c/o Registered Agent Henry DJR Madewell
11617 SR 52
Hudson, FL 34669

JOHN BALES ATTORNEYS

Charlotte F. Kelly
Florida Bar No. 90105
A Bales Professional Association
625 E. Twiggs St., Suite 100
Tampa, FL 33602
Telephone: (813) 224-9100
Facsimile: (813) 224-9109
Service Email: Team-EmploymentLaw@JohnBales.com